## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELVIS CHRISTOPHER,<br><br>                     Plaintiff,<br><br>     v.<br><br>CLOUDERA, INC., ROBERT BEARDEN, PAUL CORMIER, PETER FENTON, GARY HU, KEVIN KLAUSMEYER, JESSE A. LYNN, ROSEMARY SCHOOLER, AND MICHAEL A. STANKEY,<br><br>                     Defendants. | Civil Action No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Elvis Christopher ("Plaintiff") by and through his undersigned attorneys, brings this action on behalf of himself, and alleges the following based upon personal knowledge as to those allegations concerning Plaintiff and, as to all other matters, upon the investigation of counsel, which includes, without limitation: (a) review and analysis of public filings made by Cloudera Inc. ("Cloudera" or the "Company") and other related parties and non-parties with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and other publications disseminated by certain of the Defendants (defined below) and other related non-parties; (c) review of news articles, shareholder communications, and postings on the Company's website concerning the Company's public statements; and (d) review of other publicly available information concerning Cloudera and the Defendants.

## SUMMARY OF THE ACTION

1.      This is an action brought by Plaintiff against Cloudera and the Company's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Section 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9, in connection with the proposed acquisition of the Company by affiliates of Clayton, Dubilier & Rice ("CD&R") and Kohlberg Kravis Roberts & Co. L.P. ("KKR").

2.      On June 1, 2021, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Sky Parent Inc. ("Parent") and Project Sky Merger Sub Inc. ("Merger Sub," and together with Parent, "Sky").   Pursuant to the terms of the Merger Agreement the Company's shareholders will have the right to receive $16.00 in cash per share of Cloudera owned (the "Merger Consideration").

3.      On July 19, 2021, in order to convince the Company's shareholders to vote in favor of the Proposed Transaction, the Board authorized the filing of a materially incomplete and misleading proxy statement with the SEC (the "Proxy Statement"), in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      For these reasons, and as set forth in detail herein, Plaintiff asserts claims against Cloudera and the Board for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.   Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Cloudera shareholders before the vote on the Proposed Transaction or, in the event the Proposed Transaction is consummated, recover damages resulting from the Defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction over all claims asserted herein pursuant to Section 27 of the Exchange Act, 15 U.S.C § 78aa, and 28 U.S.C. § 1331, as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.

6.     This Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business in, solicits shareholders in, and/or maintains operations within, this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8.     Plaintiff is, and has been at all times relevant hereto, the owner of Cloudera shares.

9.     Defendant Cloudera is incorporated under the laws of Delaware and has its principal executive offices located at 5470 Great America Parkway, Santa Clara, California, 95054.  The Company's common stock trades on the New York Stock Exchange under the symbol "CLDR."

10.     Defendant Robert Bearden ("Bearden") is and has been the Chief Executive Officer ("CEO") and a director of Cloudera at all times during the relevant time period.

11.     Defendant Paul Cormier ("Cormier") is and has been a Cloudera director at all times during the relevant time period.

12.     Defendant Peter Fenton ("Fenton") is and has been a Cloudera director at all times during the relevant time period.

13.     Defendant Gary Hu ("Hu") is and has been a Cloudera director at all times during the relevant time period.

14.     Defendant Kevin Klausmeyer ("Klausmeyer") is and has been a Cloudera director at all times during the relevant time period.

15.     Defendant Jess A. Lynn ("Lynn") is and has been a Cloudera director at all times during the relevant time period.

16.     Defendant Rosemary Schooler ("Schooler") is and has been a Cloudera director at all times during the relevant time period.

17.     Defendant Michael A. Stankey ("Stankey") is and has been a Cloudera director at all times during the relevant time period.

18.     Defendants Bearden, Cormier, Fenton, Hu, Klausmeyer, Lynn, Schooler, and Stankey are collectively referred to herein as the "Individual Defendants."

19.     The Individual Defendants, along with Defendant Cloudera, are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Companies

20.     Cloudera sells subscriptions and services for its machine learning and analytics platform, optimized for the cloud. This platform delivers an integrated suite of capabilities for data management, machine learning and advanced analytics, affording customers an agile, scalable and cost-effective solution for transforming their businesses

### The Company Announces the Proposed Transaction

21.   On June 1, 2021, the Company jointly issued a press release announcing the

Proposed Transaction.  The press release stated in part:

**SANTA CLARA, CA, June 1, 2021** — Cloudera, (NYSE: CLDR), the enterprise data cloud company, today announced that it has entered into a definitive agreement to be acquired by affiliates of Clayton, Dubilier & Rice ("CD&R") and KKR in an all cash transaction valued at approximately $5.3 billion. The transaction will result in Cloudera becoming a private company and is expected to close in the second half of 2021.

The Board of Directors of Cloudera (the "Board") has unanimously approved the transaction and recommends that the Cloudera shareholders approve the transaction and adopt the merger agreement. Entities related to Icahn Group, collectively holding approximately 18% of the outstanding shares of Cloudera common stock, have entered into a voting agreement pursuant to which they have agreed, among other things, to vote their shares of Cloudera common stock in favor of the transaction.

The transaction delivers substantial value to Cloudera shareholders, who will receive $16.00 in cash per share, representing a 24% premium to the closing price as of May 28, 2021 and a 30% premium to the 30-day volume weighted average share price.

"This transaction provides substantial and certain value to our shareholders while also accelerating Cloudera's long-term path to hybrid cloud leadership for analytics that span the complete data lifecycle - from the Edge to AI," said Rob Bearden, CEO of Cloudera. "We believe that as a private company with the expertise and support of experienced investors such as CD&R and KKR, Cloudera will have the resources and flexibility to drive product-led growth and expand our addressable market opportunity."

"We very much look forward to working with Cloudera as it continues to execute its long-term transformation strategy," said Jeff Hawn, CD&R Operating Partner who will serve as Chairman of the company upon the close of the transaction. "The company has made significant progress establishing the Cloudera Data Platform (CDP) as a leader in hybrid and multi-cloud analytics, and we believe that our experience and capabilities can offer valuable support to accelerate expansion into new products and markets." Mr. Hawn's past roles include serving as Chairman and Chief Executive Officer of Quest Software, Vertafore, and Attachmate.

"We have followed the Cloudera story closely for a number of years and are pleased to be supporting its mission of helping companies make better use of their data in the ever-evolving hybrid IT environment," said John Park, KKR Partner

and Head of Americas Technology Private Equity. "We are excited to contribute to Cloudera's accelerated innovation efforts as a private company."

KKR is making the investment from its North American private equity funds, adding to KKR's experience helping to grow leading global technology businesses, including GoDaddy, Internet Brands, Epicor, BMC, Optiv, Calabrio, Corel and 1-800 Contacts. CD&R's investments in technology-related businesses include Epicor, Capco, m2gen, Sirius Computer Solutions, and TRANZACT.

Closing of the deal is subject to customary closing conditions, including the approval of Cloudera shareholders and antitrust approval. The agreement includes a 30-day "go-shop" period expiring on July 1, 2021, which allows the Board and its advisors to actively initiate, solicit and consider alternative acquisition proposals from third parties – with an additional 10 days to negotiate a definitive agreement with qualifying parties. The Board will have the right to terminate the merger agreement to enter into a superior proposal subject to the terms and conditions of the merger agreement. There can be no assurance that this "go-shop" will result in a superior proposal, and Cloudera does not intend to disclose developments with respect to the solicitation process unless and until the Board receives an acquisition proposal that it determines is a superior proposal, or it otherwise determines such disclosure is required.

**First Quarter Fiscal 2021 Financial Results**

Cloudera will announce its first quarter fiscal year 2021 financial results in a separate release today. The press release will also be available on the Investor Relations section of Cloudera's website. Due to the announced transaction with affiliates of CD&R and KKR, Cloudera has cancelled its earnings conference call previously scheduled for June 2, 2021.

**Advisors**

Morgan Stanley & Co LLC is serving as exclusive financial advisor to Cloudera, and Latham & Watkins, LLP is serving as legal advisor to Cloudera. GCA Advisors, LLC, BofA Securities, William Blair & Company, L.L.C., Perella Weinberg Partners LP, Cowen and J.P. Morgan are serving as financial advisors and Kirkland & Ellis, LLP and Debevoise & Plimpton LLP are serving as legal advisor to CD&R and KKR. J.P. Morgan, Bank of America, and KKR Capital Markets have committed to providing debt financing for the transaction.

## FALSE AND MISLEADING STATEMENTS
## AND/OR MATERIAL OMISSIONS IN THE PROXY STATEMENT

22.     On July 19, 2021, the Company authorized the filing of the Proxy Statement with the SEC.  The Proxy Statement recommends that the Company's shareholders vote in favor of the Proposed Transaction.

23.     Defendants were obligated to carefully review the Proxy Statement prior to its filing with the SEC and dissemination to the Company's shareholders to ensure that it did not contain any material misrepresentations or omissions.   However, the Proxy Statement misrepresents and/or omits material information that is necessary for the Company's shareholders to make informed decisions regarding whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

### Material False and Misleading Statements or Material
### Misrepresentations or Omissions Regarding the Company's Financial Projections

24.     The Proxy Statement contains projections prepared by the Company's management concerning the Proposed Transaction, but fails to provide material information concerning such.

25.     The SEC has repeatedly emphasized that disclosure of non-GAAP projections can be inherently misleading, and has therefore heightened its scrutiny of the use of such projections.[1]  Indeed, on May 17, 2016, the SEC's Division of Corporation Finance released new and updated Compliance and Disclosure Interpretations ("C&DIs") on the use of non-GAAP

---

[1] *See, e.g.*, Nicolas Grabar and Sandra Flow, Non-GAAP Financial Measures: The SEC's Evolving Views, Harvard Law School Forum on Corporate Governance and Financial Regulation (June 24, 2016), *available at* https://corpgov.law.harvard.edu/2016/06/24/non-gaap-financial-measuresthesecs evolving-views/; Gretchen Morgenson, Fantasy Math Is Helping Companies Spin Losses Into Profits, N.Y. Times, Apr. 22, 2016, available at http://www.nytimes.com/2016/04/24/business/fantasy-mathis-helping-companies-spin-ossesinto-profits.html?_r=0.

financial measures that demonstrate the SEC's tightening policy.[2] One of the new C&DIs regarding forward-looking information, such as financial projections, explicitly requires companies to provide any reconciling metrics that are available without unreasonable efforts.

26.     In order to make management's projections included in the Proxy Statement materially complete and not misleading, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures.

27.     Specifically, with respect to the Company's projections, the Company must disclose the line item projections for the financial metrics that were used to calculate the non-GAAP measures, including: (i) EBIT; and (ii) Unlevered Free Cash Flow.

28.     Disclosure of the above information is vital to provide investors with the complete mix of information necessary to make an informed decision when voting on the Proposed Transaction.  Specifically, the above information would provide shareholders with a better understanding of the analyses performed by the Company's financial advisor in support of its opinion.

### Material False and Misleading Statements or Material Misrepresentations or Omissions Regarding Morgan Stanley's Financial Opinion

29.     The Proxy Statement contains the financial analyses and opinion of Morgan Stanley & Co LLC ("Morgan Stanley") concerning the Proposed Transaction, but fails to provide material information concerning such.

30.     With respect to Morgan Stanley's *Public Trading Comparables Analysis*, the Proxy fails to disclose the individual multiples and metrics for the companies observed by Morgan Stanley in the analysis.

---

[2] Non-GAAP Financial Measures, Compliance & Disclosure Interpretations, U.S. SECURITIES AND EXCHANGE COMMISSION (May 17, 2017), *available at* https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

31.     With respect to Morgan Stanley's *Discounted Equity Value Analysis* for Cloudera, the Proxy Statement fails to disclose: (i) the levered free cash flow; (ii) projected net cash of the Company; (iii) the estimated number of fully-diluted outstanding Company shares; (iv) the inputs and assumptions underlying Morgan Stanley's use of the discount rate of 8.6%; and (v) the Company's estimated cost of equity.

32.     With respect to Morgan Stanley's *Discounted Cash Flow Analysis* for the Company, the Proxy Statement also fails to disclose: (i) the Company's projected terminal values; (ii) the inputs and assumptions underlying Morgan Stanley's use of the perpetuity growth rates of 2.5% to 3.5%; (iii) the inputs and assumptions underlying Morgan Stanley's use of the discount rates ranging from 7.1% to 8.9%; (iv) the Company's net cash; and (v) Cloudera's net operating losses.

33.     With respect to Morgan Stanley's *Precedent Transactions Multiples Analysis*, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions observed by Morgan Stanley in the analysis.

34.     With respect to Morgan Stanley's *Illustrative Precedent Premiums* analysis, the Proxy Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

35.     With respect to Morgan Stanley's *Equity Research Analysts' Future Price Targets* analysis, the Proxy Statement fails to disclose the price targets observed in the analysis as well as the sources thereof.

36.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.  Moreover,

the disclosure of projected financial information is material because it provides shareholders with a basis to project the future financial performance of a company and allows shareholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion.

37.     Without the above described information, the Company's shareholders are unable to cast a fully informed vote on the Proposed Transactions.  Accordingly, in order to provide shareholders with a complete mix of information, the omitted information described above should be disclosed.

## COUNT I

### (Against All Defendants for Violations of Section 14(a)
### of the Exchange Act and Rule 14a-9 Promulgated Thereunder)

38.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

39.     Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title." 15 U.S.C. § 78n(a)(1).

40.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that communications with stockholders in a recommendation statement shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any

material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

41.     Defendants have issued the Proxy Statement with the intention of soliciting shareholders support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Proxy Statement, which fails to provide critical information regarding, among other things, the financial projections for the Company.

42.     In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy Statement, but nonetheless failed to obtain and disclose such information to shareholders although they could have done so without extraordinary effort.

43.     The Defendants knew or were negligent in not knowing that the Proxy Statement is materially misleading and omits material facts that are necessary to render it not misleading. The Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction.

44.     The Defendants knew or were negligent in not knowing that the material information identified above has been omitted from the Proxy Statement, rendering the sections of the Proxy Statement identified above to be materially incomplete and misleading. Indeed, the Defendants were required to be particularly attentive to the procedures followed in preparing the Proxy Statement and review it carefully before it was disseminated, to corroborate that there are no material misstatements or omissions.

45.     The Defendants were, at the very least, negligent in preparing and reviewing the Proxy Statement. The preparation of a Proxy Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. The Defendants were negligent in choosing to omit material information from the Proxy Statement or failing to notice the material omissions in the Proxy Statement upon reviewing it, which they were required to do carefully as the Company's directors. Indeed, the Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation of the Company's financial projections.

46.     The misrepresentations and omissions in the Proxy Statement are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction.

47.     Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

### (Against the Individual Defendants for
### Violations of Section 20(a) of the Exchange Act)

48.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

49.     The Individual Defendants acted as controlling persons of Cloudera within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Cloudera, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did

influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

50.     Each of the Individual Defendants was provided with, or had unlimited access to, copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in preparing this document.

52.     In addition, as set forth in the Proxy Statement sets forth at length and described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

53.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

54.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9 by their acts and omissions as alleged herein. By virtue of their positions as controlling persons,

these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

55.     Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     Directing the Individual Defendants to disseminate an Amendment to the Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C.     Directing Defendants to account to Plaintiff for all damages sustained because of the wrongs complained of herein;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: _____ __, ____                        Respectfully submitted,

                                                 By: */s/ Joshua M. Lifshitz*
                                                 Joshua M. Lifshitz
                                                 Email: jml@jlclasslaw.com
                                                 **LIFSHITZ LAW FIRM, P.C.**
                                                 1190 Broadway,
                                                 Hewlett, New York 11557

Telephone: (516) 493-9780
Facsimile: (516) 280-7376

*Attorneys for Plaintiff*